

# NUMBER 13-14-00480-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JAMES JEROME NASTOUPIL,**                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                 **Appellee.**

### On appeal from the 24th District Court
### of Jackson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant James Nastoupil pled *nolo contendere* to the charge of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West, Westlaw through 2015 R.S.). The 24th District Court of Jackson County, Texas, found Nastoupil guilty and sentenced him to eighteen years' imprisonment. By one issue, Nastoupil contends that he received ineffective assistance of counsel. We affirm.

## I. BACKGROUND

Nastoupil was charged by indictment with indecency with a child by sexual contact. After proper admonition, Nastoupil entered a plea of *nolo contendere* and stipulated that the "matters contained within [the] indictment [were] true and correct," and "if the State called their witnesses in, they would testify to sufficient facts to prove [his] guilt beyond a reasonable doubt as to all those matters contained within the indictment." Though Nastoupil pled *nolo contendere,* as opposed to guilty, the State was required to put on legally sufficient evidence to support a conviction for indecency with a child.[1] Nastoupil's trial counsel retained the right to cross-examine witnesses.

After Nastoupil's plea, the trial court recessed the proceedings before hearing evidence of guilt and punishment. The next day the State presented its case-in-chief and called ten witnesses. The trial was not bifurcated, and the trial court heard testimony pertaining to both guilt/innocence and punishment. The trial court found Nastoupil guilty of the offense of indecency with a child, a second degree felony, and assessed his punishment at eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By one issue, Nastoupil contends he received ineffective assistance of counsel during trial. Specifically, Nastoupil contends that his trial counsel was ineffective

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West, Westlaw through 2015 R.S.) ("No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury . . . provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.").

because he allowed inadmissible punishment testimony before the trial court without objection during the guilt/innocence phase of the trial. The State responds that bifurcated trials are only required when the defendant pleads "not guilty" and demands a trial by jury, and that Nastoupil's unitary trial was appropriate under the circumstances. We agree with the State.

## A. Standard of Review & Applicable Law

Both the Federal and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. § 1.051 (West, Westlaw through 2015 R.S.). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense.[2] *Id.*; *Wert v. State,* 383 S.W.3d 747, 752 (Tex. Crim. App. 2012).

To satisfy *Strickland*'s first prong, the appellant must identify acts or omissions of counsel that allegedly were not the result of reasonable judgment. *Strickland*, 466 U.S. at 690. To satisfy *Strickland's* second prong, the appellant must establish a reasonable probability that, but for counsel's errors, the result would have been different. 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Failure to satisfy either prong defeats an ineffective assistance claim. *Strickland,* 466 U.S. at 697.

---

[2] Texas adopted the *Strickland* test in *Hernandez v. State.* *See* 726 S.W.2d 53 (Tex. Crim. App. 1986) (en banc).

3

In applying the *Strickland* test we consider the totality of the representation and the particular circumstances of the case to determine whether counsel was ineffective. *Thompson,* 9 S.W.3d at 813.

**B.    Discussion**

Nastoupil's ineffective assistance of counsel claim is based on the contention that he was entitled to a bifurcated trial before the trial court on his plea of *nolo contendere* and his trial counsel's failure to object to the introduction of evidence relevant to punishment in the guilt/innocence phase fell below an objective standard of reasonableness.    *See Strickland,* 466 U.S. at 686; *Wert,* 383 S.W.3d at 752.

In 2001, the Texas Court of Criminal Appeals pointed out that the 1965 revision of the code of criminal procedure authorized the bifurcation of trials, but it made such bifurcation applicable only to pleas of not guilty before a jury.    *Barfield v. State,* 63 S.W.3d 446, 450 (Tex. Crim. App. 2001).    "Bifurcation has no application where a defendant waives trial by jury and enters a plea of guilty or *nolo contendere* before the court." *Saldana v. State,* 150 S.W.3d 468, 489 (Tex. App.—Austin 2004, no pet.).

The State was entitled to present evidence of guilt and punishment before the trial court in the same proceeding.    *See id.*    There was therefore no basis for Nastoupil's trial counsel to object to the inclusion of evidence relevant to punishment during the unitary trial before the trial court.    *See id.*    Because Nastoupil has not identified any acts or omissions of his trial counsel that were not the result of reasonable judgment, Nastoupil has not satisfied the first *Strickland* prong.    *See Strickland,* 466 U.S. at 686.    We overrule Nastoupil's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 24th
day of September, 2015.

5